IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY BROWN, | 1:11-cv-01521-GSA (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |
| _____ / | |

     Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request for the appointment of counsel.

     The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

     In this case, the petitioner is challenging a conviction from the District of Columbia. Therefore,

-1-

1 the petition should have been filed in the United States District Court for the District of Columbia.  In
2 the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.
3 See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
4         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
5 District Court for the District of Columbia.
6         IT IS SO ORDERED.
7     Dated:   September 26, 2011                        /s/ Gary S. Austin
                                                          UNITED STATES MAGISTRATE JUDGE